UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DEE'S FOODSERVICE ABQ INC.          Case No. 16-11560-j11
AND DEE'S FOODSERVICE EL PASO, LLC

    Debtors.

MEMORANDUM OPINION AND ORDER OVERRULING
UNITED STATES TRUSTEE'S OBJECTION REGARDING
UNCLAIMED FUNDS

THIS MATTER came before the Court at a final hearing on the Debtors' Motion for Entry of Order: (I) Determining Claims against the Debtors; (II) Authorizing Disbursement of Funds to Creditors: (III) Dismissing the Debtors' Cases; and (IV) Granting Related Relief (the "Motion"). *See* Docket No. 182. Counsel appeared as noted on the record. At the hearing, the United States Trustee objected to the Motion to the extent it does not provide for the deposit of unclaimed funds in the Court's unclaimed funds registry after this chapter 11 case is dismissed. The Court overrules the objection of the United States Trustee because the Court does not have jurisdiction over claims to unclaimed funds where the claim arises after dismissal of a chapter 11 case in which no plan has been confirmed.

   A. <u>The Court does not have post-dismissal jurisdiction over noncore matters first arising after dismissal of the bankruptcy case.</u>

After a bankruptcy case is dismissed, the Court retains jurisdiction over certain core proceedings. Core proceedings are matters "arising under title 11, or arising in a case under title 11." *See* 28 U.S.C. § 157(b)(1). "Core proceedings are proceedings which have no existence outside of bankruptcy. "Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) (per curiam) (citation omitted).

A bankruptcy court can retain jurisdiction following dismissal of the underlying bankruptcy case over noncore, related proceedings commenced before bankruptcy case dismissal, although ordinarily noncore, related proceedings are also dismissed upon dismissal of the underlying bankruptcy case. *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009). Even so, a bankruptcy court does not have jurisdiction over noncore proceedings first commenced after dismissal of the underlying bankruptcy case. *Cf. Id.* (dicta in *Johnson* suggests that a bankruptcy court does not have jurisdiction over noncore proceedings first commenced after dismissal of the underlying bankruptcy case). A proceeding is noncore when it does not *arise in* a case under Title 11 or *arise under* Title 11. *Id.*

B. Claims to unclaimed funds after a structured dismissal are noncore.

In a structured dismissal where a plan is not confirmed, claims to unclaimed funds only arise after the case is dismissed and are not governed by any provision of the Bankruptcy Code. As such, claims to unclaimed funds do not *arise in* a case under Title 11 or *arise under* Title 11 and are therefore noncore.

1. *Claims to unclaimed funds do not arise in a case under Title 11.*

When a debtor or case trustee unsuccessfully attempts to distribute funds to a creditor or other party in interest, the funds are what is known as "unclaimed funds."[1] In a structured dismissal, distributions to creditors and other parties in interest occur after the case is dismissed. Therefore, any claim to unclaimed funds arising from post-dismissal distributions necessarily arises following dismissal and does not *arise in* a case under title.

---

[1] When unclaimed funds are deposited with the Court, a case trustee or debtor in possession files a report of record with an accounting of the unclaimed funds. Ordinarily, the report is filed and the deposit is made while the bankruptcy case is open.

2

2. *Claims to unclaimed funds do not arise under Title 11.*

In addition, claims to unclaimed funds following a structured dismissal do not *arise under* Title 11. In a chapter 11 case in which no plan is confirmed Title 11 does not govern claims to unclaimed funds.[2]

Bankruptcy Code §§ 347(b) and 1143 govern unclaimed funds in connection with a chapter 11 case. But those sections apply to unclaimed funds only if a plan is confirmed in a chapter 11 case. Section 347 governs the treatment of unclaimed property under the Code. Section 347(b) applies in chapter 11 and by its plain language governs in chapter 11 cases only if distributions are made under a confirmed plan. Section 347 provides:

> Any security, money, or other property remaining unclaimed at the expiration of the time allowed in a case under chapter 9, 11, or 12 of this title for the . . . performance of any other act as a condition to participation in the distribution *under any plan confirmed* under section 943(b), 1129, 1173, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

11 U.S.C. § 347(b) (emphasis added).

Section 1143 imposes a five-year period following confirmation for a claimant to complete any condition necessary to receive a distribution under a plan and by its plain language it is also limited to chapter 11 cases in which a plan is confirmed. 11 U.S.C. § 1143. Section 1143 provides:

> If a plan requires presentment or surrender of a security or the performance of any other act as a condition to participation in distribution under the plan, such action shall be taken not later than five years after the date of the entry of the order of confirmation. Any entity that has not within such time presented or surrendered such entity's security or taken any such other action that the plan requires may not participate in distribution under the plan.

---

[2] 28 U.S.C. §§ 2041-2042 provide overarching statutory authority for the treatment of funds deposited with the Court and the process for withdrawing those funds. As these sections are contained in Title 28, not Title 11, the Court cannot derive "arising under" jurisdiction from these provisions.

3

11 U.S.C. § 1143.

When read in combination with § 347(b), § 1143 provides that any funds that remain unclaimed after the expiration of five-years from confirmation of a chapter 11 plan may be reclaimed by the debtor. *See In re Sterling Fin. Servs. of Fla.-1, Inc.*, 374 B.R. 327, 329–30 (Bankr. M.D. Fla. 2007) ("In general, there is a five-year window for a person to claim funds on deposit for distribution pursuant to a Chapter 11 plan . . . After plan proceeds are deposited into the registry of court . . ."). *See also In re Entire Supply, Inc.*, 2008 WL 336316, at *1 (Bankr. N.D. Ohio Feb. 5, 2008).

Neither § 347(b) nor § 1143 applies when funds are distributed after dismissal of a chapter 11 in which no plan was confirmed. Because sections of the Code that govern unclaimed funds do not apply to claims for unclaimed funds following a structured dismissal of a chapter 11 case, such claims do not *arise under* Title 11.

C. Conclusion

Because any claims to unclaimed funds following a structured dismissal of this chapter 11 case necessarily first arise only after the case is dismissed and therefore will not *arise in* a case under Tittle 11, and will not *arise under* Title 11, the Court does not have jurisdiction over claims.

Based on the foregoing, the Court will overrule the United States Trustee's objection that the Debtors should be required to deposit unclaimed funds in the Court's unclaimed funds registry following dismissal of this chapter 11 case.[3] The Court lacks jurisdiction over claims to

---

[3] As stated on the record at the final hearing, the Court believes the Debtors' proposal to donate unclaimed funds to a charity of the Debtors' choice is appropriate but only if the amount of unclaimed funds is less than $20,000. Otherwise, the Debtors should redistribute those funds pro rata in proportion to allowed claim amounts to other holders of nonpriority unsecured claims. If the funds are redistributed, the Debtors; counsel should be entitled to a reasonable fee for doing that work.

unclaimed funds that first arise after dismissal of a chapter 11 case in which no plan has been confirmed.

WHEREFORE, IT IS ORDERED that the United States Trustee's objection to the Motion is overruled.

/s/ Robert H. Jacobvitz
Robert H. Jacobvitz
United States Bankruptcy Judge

Date entered on Docket: 6/15/2018

Copy to: Counsel of Record via CM/ECF, and

American Chemical Systems
Attn: Brad Wickham President
P.O. Box 782647
Wichita, KS 67278

The Chef's Warehouse
Attn: Tino Roberts
16633 E. Gale Ave
City of Industry, CA 91745